UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARC STUDENTS FOR LIBERTY
CAMPAIGN, an unincorporated
association,

          NO. CIV. S-09-2446 LKK/GGH

    Plaintiff,

  v.

          O R D E R

LOS RIOS COMMUNITY COLLEGE
DISTRICT, BRICE W. HARRIS,
Chancellor, in his official
capacity; WILLIAM V. KARNS,
Vice Chancellor in his
capacity, and DOES 1-10,

    Defendants.

_____/

This case concerns an election for a Student Trustee at Los Rios Community College. Due to perceived voting irregularities the community college district invalidated the election and ordered the student trustee to be selected by several student representatives. Plaintiff has moved for summary judgment. For the reasons stated below, plaintiff's motion is denied.

**I. BACKGROUND**

On July 8, 2009, plaintiff ARC Students for Liberty

1

Campaign filed a complaint against defendants Los Rios Community College District ("Los Rios" or "District"), Bruce W. Harris ("Harris"), Chancellor of Los Rios, and William V. Karns ("Karns"), Vice Chancellor of Los Rios. This complaint alleged violations of federal law concerning the District's invalidation of the April 2009 election for the student trustee to Los Rios's governing board and subsequent establishment of procedures to select a student trustee, who was not chosen by popular vote. Plaintiff sought injunctive and declaratory relief. Defendants removed the complaint to federal court on August 31, 2009.

On October 9, 2009, plaintiff filed a motion for a preliminary injunction to require the District to count the votes in the April 2009 election and to seat the student who received the most votes. This motion raised complex questions of federal due process and other constitutional issues. On November 19, 2009, the court denied plaintiff's motion, reasoning that while the facts and law as then presented by the parties suggested that plaintiff was likely to succeed on the merits, they nonetheless did not rise to a level sufficient for the court to order a mandatory preliminary injunction.

On December 23, 2009, plaintiff filed a motion for summary judgment. This motion raised the same legal arguments brought in plaintiff's motion for a preliminary injunction, and relied on the same facts presented in the earlier motion. Defendants, however, filed an opposition that not only raised new legal arguments, but also provided a fuller picture of the factual

2

1  issues involved in this case. Of particular importance to the
2  disposition of this motion are facts that suggest (1) that the
3  irregularities in the polling hours may have affected the result
4  of the election and (2) that members of ARC Students for
5  Liberty, while serving as the majority of American River College
6  Student Association ("ARC Student Association"), may have
7  intentionally caused the irregular polling hours to ensure that
8  the candidate of their choosing won the election. For the
9  reasons described below, plaintiff's motion is denied because
10 defendants are entitled to discovery on these factual issues.
11 Accordingly, the court does at this time resolve the legal
12 arguments concerning federal due process.

## II. STANDARDS

### A.   Fed. R. Civ. P. 56 Motion for Summary Judgment

Summary judgment is appropriate when there exists no genuine issue as to any material fact. Such circumstances entitle the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Secor Ltd. v. Cetus Corp., 51 F.3d 848, 853 (9th Cir. 1995). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.

R. Civ. P. 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Secor Ltd., 51 F.3d at 853. In doing so, the opposing party may not rely upon the denials of its pleadings, but must tender evidence of specific facts in the form of affidavits and/or other admissible materials in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); see also First Nat'l Bank, 391 U.S. at 289. In evaluating the evidence, the court draws all reasonable inferences from the facts before it in favor of the opposing party. Matsushita, 475 U.S. at 587-88 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); County of Tuolumme v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001). Nevertheless, it is the opposing party's obligation to produce a factual predicate as a basis for such inferences. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

////

**B.   Fed. R. Civ. P. 56(f) Avoidance of Summary Judgment**

Rule 56(f) of the Federal Rules of Civil Procedure allows a party to avoid summary judgment where affidavits are not available, which are necessary to support a party's opposition to the motion for summary judgment. Fed. R. Civ. P. 56(f). Rule 56(f) applications are to be granted freely where the party requesting additional time has complied with the Rule's requirements. Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773-774 (9th Cir. 2003); Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001). In order to be successful on a 56(f) application, the party must show (1) that it has set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); see also VISA Intern. Service Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986) ("[D]enial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.").

56(f) applications should be granted liberally "unless the non-moving party has not diligently pursued discovery of the

evidence." <u>Wichita Falls Office Assoc. v. Banc One Corp.</u>, 978 F.2d 915, 919 n. 4 (5th Cir. 1992). The Ninth Circuit has also held that denial of 56(f) applications is "especially inappropriate where the material sought is also the subject of outstanding discovery requests." <u>VISA Intern. Service Ass'n</u>, 784 F.2d at 1475.

### III. ANALYSIS[1]

This motion was filed prior to discovery or even to the issuance of a scheduling order pursuant to Fed. R. Civ. P. 16. Consequently, the court may deny plaintiff's motion either because there are triable issues of fact or because defendants have not had the opportunity to discover information that is essential to their opposition. Because the court denies the motion on the latter justification, it does not address the former. Specifically, the court denies summary judgment such that defendants may seek discovery of factual issues, including, but not limited to, the extent to which there was intentional

---

[1] In its reply, plaintiff argues that defendants failed to comply with Local Rule 78-230(c) when they electronically filed their opposition fourteen days before this case was set for hearing. Under the local rules in effect before December 1, 2009, parties were required to electronically file and serve oppositions seventeen days before a hearing, but need only physically file and serve oppositions fourteen days before a hearing. Recognizing that parties receive electronically filed documents earlier than mailed documents, this court's standard practice was to issue a scheduling order setting the deadline for electronically filing oppositions at fourteen days and for physically filing oppositions at seventeen days. On December 1, 2009, the Eastern District of California similarly revised its local rules to require oppositions to be filed fourteen days before a hearing, even if filed electronically. Local Rule 230(c). Plaintiff is advised to review the local rules currently in effect.

6

election tampering by members of ARC Students for Liberty.

With their opposition, defendants have set forth in an affidavit the specific facts concerning election tampering by plaintiff's members that they hope to elicit through discovery. Defendants have also demonstrated that there is some basis to believe this information actually exists. In particular, they have presented meeting minutes of the ARC Student Association concerning the election, which suggest that the association may have been involved in election tampering as well as suggest that the student association at this time was controlled by a majority of members of plaintiff.[2] Lastly, this evidence is essential to defendant's opposition in that (1) it could provide a complete defense to liability and (2) it could demonstrate that defendants did not violate the state education code in invalidating the election.

Specifically, if defendants are able to demonstrate a factual dispute with respect to whether ARC Student Association

---

[2] Plaintiff objects to much of the evidence produced by defendants in opposition to its motion for summary judgment. Most of these arguments concern factual arguments, which actually further demonstrate the need for discovery by defendants. Specifically, while defendants' evidence may not entitle defendants to summary judgment on the factual issues of election tampering by ARC Students for Liberty members nor on whether the changes in polling hours likely affected the outcome of the election, defendants have presented sufficient evidence to suggest the possibility that with discovery they could present evidence of material factual disputes that would, at least, preclude summary judgment. Plaintiff's remaining objections to defendants' evidence are not relevant to the court's disposition of this motion in that the court denies the motion pursuant to Fed. R. Civ. P. 56(f), and not for plaintiff's failure to demonstrate that it is entitled to summary judgment.

7

1 tampered with the election for the student trustee, the
2 District's actions invalidating the election would be far more
3 likely not to offend due process. Moreover, if defendants are
4 able to demonstrate that ARC Students for Liberty members
5 orchestrated and implemented the alleged election tampering,
6 they may be able to prove the affirmative defense of unclean
7 hands,[3] which would bar plaintiff from relief, the only type of
8 relief sought in plaintiff's complaint and motion for summary
9 judgment.[4] Accordingly, defendants have met the burden of Fed.
10 R. Civ. P. 56(f) to preclude the court from granting summary
11 judgment for plaintiffs.
12      When considering an argument under Fed. R. Civ. P. 56(f),
13 courts are given discretion to "(1) deny the motion; [¶]
14 (2)order a continuance to enable affidavits to be obtained,

---

[3] The affirmative defense of unclean hands "derives from the maxim that 'he who comes into equity must come with clean hands.'" Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir. 1985). The doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of defendant." Adler v. Federal Republic of Nigeria, 219 F.3d 869, 877 (9th Cir. 2000) (quoting Precision Instr. Mfg. Co. v. Automative Maintenance Machinery Co., 324 U.S. 806, 814 (1945)). The material question in application of this doctrine "is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants." Ellenburg, 763 F.2d at 1097 (internal quotation omitted). The Ninth Circuit concluded that "equity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue." Id. (internal citations omitted).

[4] The court nonetheless notes that there is a question as to whether misconduct of plaintiff's members constitutes misconduct of plaintiff for unclean hands to apply.

8

depositions to be taken, or other discovery to be undertaken; or [¶] issue an other just order." Here, denial of the motion is more appropriate than granting defendants a continuance to conduct discovery on these issues. Because no discovery has yet occurred, and because it does not appear that discovery sought by either party would greatly exceed that sought by defendants in its Rule 56(f) application, it is more efficient for the court to deny the motion without prejudice. Doing so also serves judicial economy in that the court will not needlessly resolve legal questions that may be mooted by defendants' potential defenses.

For the foregoing reasons, the court orders that plaintiff's motion for summary judgment, Doc. No. 30 is DENIED without prejudice.

The court further orders that a scheduling conference is set for March 8, 2010 at 2:00 p.m. Parties shall file status report(s) ten (10) days before the conference.

IT IS SO ORDERED.

DATED: February 1, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9