UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARC STUDENTS FOR LIBERTY
CAMPAIGN, an unincorporated
association,

    Plaintiff,

  v.

LOS RIOS COMMUNITY COLLEGE
DISTRICT, BRICE W. HARRIS,
Chancellor, in his official
capacity; WILLIAM V. KARNS,
Vice Chancellor in his
capacity, and DOES 1-10,

    Defendants.

NO. CIV. S-09-2446 LKK/GGH

O R D E R

  This case concerns an election for a Student Trustee at Los Rios Community College. Due to perceived voting irregularities the community college district invalidated the election and ordered the student trustee to be selected by several student representatives. Here, the court confirms that federal jurisdiction is proper.

## I. BACKGROUND

  On August 31, 2009, defendants removed this case to federal court. Dkt. No. 1. The caption of the notice of removal indicated

1

that defendants removed the case "under 28 U.S.C. § 1441 (Federal Question)." Id. In the notice of removal, defendant stated,

> This Court has original jurisdiction over this action and plaintiff's Complaint is removable to this Court by defendants on federal question grounds. Plaintiff's claims are based upon, and necessarily involve, construction and application of federal law in that both of Plaintiff's causes of action are based on federal law - namely in that Plaintiff seeks declaratory relief that Defendant violated its Constitutional due process rights (Compl. ¶ 16) and injunctive relief pursuant to federal law, including without limitation, 42 U.S.C. § 1983 (Compl. ¶ 18).

Id. Defendants also argued that this court has supplemental jurisdiction over plaintiff's state law claims.[1] Id. Defendants continue to state that the notice was "signed by counsel for removing defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure."

Plaintiff's complaint enumerates two causes of action: the

---

[1] Throughout the briefing on this motion, both parties state that plaintiff brings state law claims in addition to its Section 1983 claim. Upon review of plaintiff's complaint, this court does not find any state law causes of action. Specifically, plaintiff does allege that defendants violated California law. However, plaintiff does not allege that the violation of California law entitles it to relief under any state law. Rather, plaintiff alleges that the California law creates an interest protected by the Due Process Clause of the federal Constitution and, accordingly, violation of this state law offends the Due Process Clause. Throughout the numerous substantive motions heard before this court in this case, no party has discussed any California causes of action. Nonetheless, it may be the case that plaintiff's claim for declaratory relief seeks both an order that defendants violated California law and that defendants' actions violated the Due Process Clause. The parties, however, have never argued that plaintiff's claim concerns anything but a violation of the federal Due Process Clause. For this reason, the court does not find that it has supplemental jurisdiction over any claims brought by plaintiff.

1  first for declaratory relief and the second for injunctive relief.
2  Plaintiff alleges that, *inter alia*, defendants violated state law
3  when they invalidated an election for a student trustee at American
4  River College. Within its claim for declaratory relief, plaintiff
5  states, "[I]n voiding the election, the District officials made
6  illegal, ad hoc, post-election regulations to alter the outcome of
7  the election in violation of due process of law. Constitutional due
8  process of law requires that the results of elections be obeyed and
9  enforced by public officials." Compl. ¶ 16.[2] Further, in
10 plaintiff's cause of action for injunctive relief, it alleges, that
11 it "seeks this injunctive relief on the grounds of all applicable
12 state and federal law, including without limitation, 42 U.S.C. §
13 1983."
14     On October 9, 2009, plaintiff filed a motion for a preliminary
15 injunction. Dkt. No. 8. In their discussion of the likelihood of
16 plaintiff's success on the merits, plaintiff's motion and
17 defendants' opposition to that motion solely addressed the question
18 of whether the federal Constitution prohibited the actions
19 allegedly taken by defendants. On November 19, 2009, this court
20 denied plaintiff's motion. Dkt. No. 9. The majority of this order
21 concerned whether plaintiff had sufficiently demonstrated a
22 likelihood of success on the merits to issue a mandatory
23 preliminary injunction. The only question addressed in the order

---

[2] The court notes that there are two paragraphs numbered sixteen in plaintiff's complaint. This citation refers to the first paragraph number sixteen.

3

and the parties' briefs as to plaintiff's likelihood of success on the merits was whether defendants' actions violated the federal Due Process Clause.

On December 15, 2009, defendants filed a motion in which they stated, "The District defendants have consistently disputed the court's subject matter jurisdiction." Dkt. No. 24.

On December 23, 2009, plaintiff filed its first motion for summary judgment. This motion argued that defendants violated California law and due process of law. It continued to base its entitlement to relief on Section 1983. Presumptively, plaintiff argued that by violating state law, defendants infringed upon the federal due process rights of its members. In opposition to this motion, defendant argued that the Fourteenth Amendment does not apply to the case at bar because plaintiff has not demonstrated a federally protected interest. Defendants did not, however, challenge whether jurisdiction was proper, but rather argued that plaintiff's claim is without merit.

On March 8, 2010, this court held a scheduling conference pursuant to Fed. R. Civ. P. 16. At this conference, defendants' counsel stated that her clients opposed subject matter jurisdiction. Based on this statement and on the fact that defendants removed this case, the court ordered plaintiff to file a motion to confirm jurisdiction to determine whether this case should be remanded. See Dkt. No. 53.

////

////

## II. STANDARD

### A. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if it is apparent from the face of plaintiff's complaint that plaintiff's cause of action was created by federal law. See, e.g., Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983); Verlinden, B. V. v. Central Bank of Nigeria, 461 U.S. 480, 494 (1983).

There is a federal question if "federal law creates the cause of action." Franchise Tax Bd., 463 U.S. at 27-28. Typically, "[c]ases relying on the Constitution generally pose little difficulty" to determine that they raise federal questions. 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 3563. Accordingly, "there are no recent decisions in which the Court has denied the existence of a federal question when a federal law created a cause of action." Erwin Chemerinsky, Federal Jurisdiction 288-89 (5th ed. 2007).

The Supreme Court has reasoned that, "For purposes of determining whether jurisdiction exists under § 1331 to resolve [plaintiff's] claims, it is not necessary to decide whether [plaintiff's] alleged cause of action against [defendants] based directly on the Constitution is in fact a cause of action 'on which [appellees] could actually recover.'" Duke Power Co. v.

1  Carolina Environmental Study Group, Inc., 438 U.S. 59, 70, 98 S.
2  Ct. 2620, 2629, 57 L. Ed. 2d 595 (1978) (emphasis original). "In
3  a given case, perhaps the Constitution does not give the
4  plaintiff the remedy he is seeking, but so long as his claim
5  that it does is substantial, jurisdiction attaches." 5A C.
6  Wright & A. Miller, Federal Practice and Procedure: Civil 2d §
7  3563. Where a defendant challenges the applicability of the
8  federal constitution, it should move for "dismissal . . . for
9  failure to state a claim on which relief can be granted rather
10 than for lack of subject matter jurisdiction."

### III. ANALYSIS

12     Defendants maintain the absurd contention that plaintiff's
13 claim under Section 1983 concerning the alleged violation of its
14 members' federal due process rights is not a federal question.
15 Defendants make the unheard of argument that, "[W]hile the
16 Complaint makes one reference to Section 1983 and speaks to due
17 process, and therefore the Complaint was subject to removal,
18 this does not equate with the Fourteenth Amendment and the power
19 of the federal judiciary reaching the subject matter at issue."
20 Opp. at 2. This asserted legal principle lacks any support under
21 federal law. Federal courts retain jurisdiction to determine
22 whether the federal Constitution provides relief to plaintiff.
23 It is hard to imagine how this case could not raise a federal
24 question.

25     Under defendants' standard for federal question
26 jurisdiction, federal courts would lack jurisdiction over

6

questions of federal constitutional law in any situation where a party argues, reasonably or not, that the federal Constitution does not apply. For example, in Bowers v. Hardwick, the Supreme Court held that the Due Process Clause does not confer a fundamental right upon homosexuals to engage in certain sexual conduct. Bowers v. Hardwick, 478 U.S. 186, 194 (1986), overruled by Lawrence v. Texas, 539 U.S. 558 (2003). Under defendants' proposed standard for federal jurisdiction, the Supreme Court in Lawrence v. Texas should have declined to hear the case for lack of jurisdiction. Specifically, petitioners in Lawrence, challenged a state law prohibiting two persons of the same sex to engage in certain sexual conduct. 539 U.S. at 564. According to defendants in the case at bar, the Supreme Court lacked jurisdiction to determine whether the statute violated the federal Due Process Clause in 2003 because Lawrence raised the identical issue under which the Court had previously held the Due Process Clause does not apply in Bowers. Fortunately for constitutional jurisprudence, the Supreme Court instead decided the case on the merits.[3]

The case at bar is not as theoretically clear cut as Lawrence. In Lawrence, there was direct precedent on point holding that the Due Process Clause did not apply. Here, as this court has previously reasoned, "the court cannot determine with

---

[3] In essence, defendants simply do not recognize the difference between a lack of jurisdiction and failure to state a claim. If they did, they would not have made the claim they did and the court would get on with resolving the case.

7

certainty whether the Due Process Clause of the Constitution applies to the election of the student trustee." Order Denying Preliminary Injunction, Dkt. No. 19, at 16. Accordingly, in this case, the question of whether the Due Process Clause applies is open. Nonetheless, defendants, despite their removal of this case to federal court, argue that the court should remand this case to state court because they contend that the Due Process Clause does not apply. The court declines to adopt this position.[4] Thus, federal jurisdiction is proper in this case.[5]

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to confirm jurisdiction, Dkt. No. 54, is GRANTED.

IT IS SO ORDERED.

DATED: May 7, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Defendants' position in this matter may very well be sanctionable under Federal Rule of Civil Procedure 11. Specifically, a party violates Rule 11 when it raises "legal contentions [that] are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . " even where a party did not intend to mislead the court or harass a party. Fed. R. Civ. P. 11(b)(2). Out of generosity to defendants, the court declines to order defendants to show cause why they should not be sanctioned under Rule 11. Nonetheless, the court strongly cautions defendants to avoid bringing such baseless arguments to this court in the future.

[5] The court notes that the Federal Rules of Civil Procedure provide defendants with numerous opportunities to challenge the merits of plaintiff's claims. Prior to filing an answer, they could have filed a motion to dismiss for failure to state a claim upon which relief might be granted. Fed. R. Civ. P. 12(b)(6). After filing an answer, they may file a motion for judgment on the pleadings on the same grounds, Fed. R. Civ. P. 12(c), or a motion for summary judgment, Fed. R. Civ. P. 56.