UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARC STUDENTS FOR LIBERTY
CAMPAIGN, an unincorporated
association,

          Plaintiff,

    v.

LOS RIOS COMMUNITY COLLEGE
DISTRICT, BRICE W. HARRIS,
Chancellor, in his official
capacity; WILLIAM V. KARNS,
Vice Chancellor in his
capacity, and DOES 1-10,

          Defendants.

NO. CIV. S-09-2446 LKK/GGH

O R D E R

On April 1, 2010, this court denied plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f) because defendants raised significant issues that they require discovery to adequately oppose plaintiff's motion. Dkt. No. 49.

On March 11, 2010, this court issued a scheduling order. Dkt. No. 53. Pursuant to this order, all discovery shall be completed by June 7, 2010, all motions to compel discovery shall be heard by the magistrate judge by May 7, 2010, and all law and motion matters

1

1  shall be heard by this court by August 7, 2010.

2  On April 15, 2010, plaintiff filed a motion for summary
3  judgment, which is set to be heard on May 24, 2010. This motion
4  indicated that plaintiff has responded to all of defendant's
5  discovery requests and, accordingly, plaintiffs argue that this
6  court can hear this motion before the close of discovery. Dkt. No.
7  56.

8  On May 10, 2010, defendants filed an opposition to plaintiff's
9  motion for summary judgment. Dkt. No. 69. This opposition indicated
10 that defendants are still conducting discovery. Specifically,
11 defendants note several outstanding discovery disputes as well as
12 the need for defendants to depose certain individuals.

13 For the foregoing reasons, the court orders that plaintiff's
14 motion for summary judgment, Dkt. No. 56, is denied, without
15 prejudice. Plaintiff may re-file its motion for summary judgment
16 after the close of discovery.[1]

17 IT IS SO ORDERED.

18 DATED: May 11, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that no motions to compel have been filed by defendants despite defendants' contention that plaintiff has not properly responded to their requests. Because all motions to compel must have been heard by May 7, 2010, defendants may not file a motion to compel without amending the scheduling order. As indicated by the court in the scheduling order, "the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause. . . . Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**" (emphasis in original).