UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARC STUDENTS FOR LIBERTY CAMPAIGN, an unincorporated association,

Plaintiff,

v.

LOS RIOS COMMUNITY COLLEGE DISTRICT, BRICE W. HARRIS, Chancellor, in his official capacity; WILLIAM V. KARNS, Vice Chancellor in his capacity, and DOES 1-10,

Defendants.

_____________________________________/

NO. CIV. S-09-2446 LKK/GGH

O R D E R

This case concerns an election for a Student Trustee at Los Rios Community College District. The court granted plaintiff's motion for summary judgment on liability. Plaintiff now moves for injunctive and declaratory relief. For the reasons described below, plaintiff's motion is granted in part and denied in part.

**I. BACKGROUND**

On August 11, 2010, the court granted plaintiff's motion for summary judgment as to liability. Specifically, the court

found that defendants violated state law when they failed to seat a popularly elected Student Trustee on the Los Rios Community College District board. The court further found that this violation of state law offended the Due Process Clause of the federal Constitution.

Because plaintiff did not move for summary judgment as to injunctive relief, the court ordered plaintiff to file a motion for summary judgment as to (1) whether injunctive relief should issue and, if so, (2) the scope of such relief. The court directed plaintiff to the standard for injunctive relief set forth in Monsanto Co. v. Geertson Seed Farms, ___ U.S. ___, 130 S.Ct. 2743, 2756. Under this standard, a court may only issue a permanent injunction where a plaintiff has demonstrated: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Id. (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

Further, the court instructed the parties to respond to the Supreme Court's finding that plaintiff in Monsanto Co. failed to demonstrate irreparable injury because "if and when [plaintiff] pursues [arguably illegal conduct], [plaintiff] may file a new suit challenging such action and seeking appropriate preliminary relief." Id. at 2760. Thus, the Court concluded, "[A] permanent

injunction is not now needed to guard against any present or imminent risk of likely irreparable harm." Id.

The court did not instruct plaintiff to file a motion for declaratory relief. Rather, declaratory relief was awarded to plaintiff in the court's order granting plaintiff's motion for summary judgment as to liability. No further relief is needed. As such, the court does not consider the arguments raised by plaintiff in the instant motion regarding the scope and nature of declaratory relief.

## II. ANALYSIS

Plaintiff requests that this court issue the following permanent injunction:

> 1. Defendants are permanently enjoined from taking any discretionary action or enforcing any District policy or regulation that has the purpose or effect of seating in office as a student trustee any person who has not been elected to the office of student trustee in compliance with California Education Code §72023.5.
> 2. Defendants are permanently enjoined from enforcing any District policy or regulation concerning election to the office of student trustee that does not comply with federal due process of law.
> 3. Defendants are ordered to notify counsel for Plaintiff of all public procedures and hearings related to the adoption or modification of District policies and regulations concerning election to the office of student trustee.

Pl.'s Mot. Decl. J. & Perm. Inj. 4.

Despite this court's specific instruction that plaintiff demonstrate that it or its members face "a present or imminent risk of likely irreparable harm" for the court to enter a permanent injunction, plaintiff has provided no such argument in

its motion. Rather, plaintiff merely states that it has "'suffered an irreparable injury' in that an unelected student trustee held office on the governing board of the Defendant District during the 2009-2010 term of office and the District has adopted policies to permit the same procedure in future student trustee elections." Id. This mere sentence is all that plaintiff writes to demonstrate that it faces a present or imminent risk of likely irreparable harm. Plaintiff nowhere attempts to distinguish Monsanto Co., which held that a plaintiff could not demonstrate such a present or imminent risk of likely irreparable harm where it may file a new suit challenging any future action by defendant that arguably violates the law.

In an effort to predict the arguments plaintiff may raise in its reply or at hearing, defendants preemptively argue that this court's finding that there is a reasonable chance that plaintiff will suffer the injury again when it determined that plaintiff's claims are not moot is not equivalent to finding a present or imminent risk of likely irreparable harm. Simply put, a reasonable chance is a far cry from an imminent risk. The court agrees with defendants' analysis.

**III. CONCLUSION**

For the foregoing reasons, the court DENIES plaintiff's motion for a permanent injunction, ECF No. 114. The clerk of court is instructed to enter judgment for plaintiff and to close this case. Plaintiff may move for attorneys' fees despite this

court's entrance of judgment.

IT IS SO ORDERED.

DATED: October 4, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT